## UNITED STATES DIRECTOR GENERAL OF RAILROADS v. BISHOP.

(Circuit Court of Appeals, Fourth Circuit.   November 4, 1920.)

### No. 1808.

1. **Trial ⬥⟹143—Instruction equivalent to peremptory instruction properly refused, when evidence conflicting.**

     Where the evidence was conflicting, an instruction which would have been equivalent to an instruction to decide the issue of fact made by the evidence in favor of defendant was properly refused.

2. **Continuance ⬥⟹22—Denial of continuance for illness of witness held not abuse of discretion.**

     There was no abuse of discretion in refusing a continuance because of the illness of a witness, where defendant had the benefit of a statement of what her testimony would be, and the facts within her knowledge were in the main testified to by other witnesses.

In Error to the District Court of the United States for the Eastern District of Virginia, at Norfolk; Edmund Waddill, Jr., Judge.

Action by Annie V. Bishop, administratrix of T. M. Bishop, deceased, against the United States Director General of Railroads. Judgment for plaintiff, and defendant brings error.   Affirmed.

James G. Martin, of Norfolk, Va., for plaintiff in error.
John N. Sebrell, Jr., of Norfolk, Va., for defendant in error.

Before KNAPP and WOODS, Circuit Judges, and SMITH, District Judge.

WOODS, Circuit Judge.   By derailment of his engine on December 12, 1918, T. M. Bishop, engineer on Norfolk Southern Railroad, was seriously burnt on his legs and buttock, and his collar bone was broken. He was taken to the hospital and apparently received proper attention at the hands of the defendant from doctors and nurses.   The wounds seemed to be healing, and he appeared to be on the way to early recovery, until pneumonia supervened on January 4, 1919.   Bishop died of pneumonia on January 8, 1919.   His widow, as administratrix, recovered a verdict for $30,000 on a declaration charging that the injuries and death were due to the negligence of the defendant.   The District Judge ordered a new trial, unless the plaintiff should remit $10,000 from the verdict.   The plaintiff complied with the order, and judgment was entered for $20,000.

There was evidence that the injuries were due to negligence of the defendant and no error is assigned as to that issue.   The main question on the trial was whether there was any ground for a reasonable conclusion that the injuries were the sole or a contributing cause of the fatal attack of pneumonia.   On this issue the evidence was conflicting.

[1] The several requests to charge of plaintiff and defendant given by the trial judge were indisputably correct statements of the law. No analysis seems necessary to show that the objections of defendant's counsel relate to verbiage rather than meaning and are hypercritical. The instruction asked by defendant and refused would have been

equivalent to an instruction to decide the issue of fact made by the evidence in favor of the defendant.

[2] There was no abuse of discretion in refusing a continuance because of the illness of the witness, Mrs. Covington. Defendant had the benefit of a statement of what her testimony would be, and the facts within her knowledge were in the main testified to by other witnesses.

Affirmed.